# Pittsburgh, Fort Wayne & Chicago Railway, &c., Co. *versus* Collins.

87   405
155   552

1. Where a person, without right, with a full knowledge of the location, voluntarily places himself upon a railroad track, at a place where there is no crossing, and which is a known place of danger, and is killed by a passing train, it is negligence *per se*, and no damages can be recovered for his death, except for wanton injury.

2. Railroad Co. *v.* Norton, 12 Harris 465, and Mulherrin *v.* Railroad Co., 31 P. F. Smith 367, followed.

October 17th 1878.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 207.

Case by Mary Collins and her children against the Pittsburgh, Ft. Wayne and Chicago Railway, and the Pennsylvania Railroad Company, operating said railroad, to recover damages for the death of their husband and father, James Collins, who, it was alleged, was killed by the defendant's cars.

Collins was found dead on the tracks of the defendants' railroad. The point at which the body was found was not a public crossing. A train had just passed before it was found, and it was evident it had been run over by the train.   At the place of the accident the railroad is parallel with and north of Preble avenue, a street forty feet wide.   There were three tracks, and from the one on the south a switch ran to a mill at which Collins worked and where he lived.   His usual way when going home was to leave Preble avenue at the switch.   The body was found beyond the switch. The track was unballasted, and between the second and third tracks there were piles of cinder.   There was conflicting evidence as to whether Collins was sober.   A city ordinance, which authorized the running of cars along Preble avenue, required that it should be fenced, which had not been done by the railroad company.   The other material facts will be found stated in the opinion of this court.

The court, Ewing, P. J., in answer to points, and in their general charge, inter alia, said:

"Aside from the failure to fence there is no evidence of any negligence or wrong on part of the defendants or their employees that is relevant in this case. If this railroad track was laid down and operated by the company under and by virtue of the license given by the ordinance in evidence, on a public street in a populous part of the city, and the street and track graded up by the company to the same level, the provision of the ordinance requiring a substantial fence to be built separating the railroad track from the other part of the street is to be considered a reasonable police regulation for the safety and protection of travellers on the street by day or night. By the acceptance of the benefits of the ordinance a duty was imposed on the railroad company to erect this protection, the neglect of which was negligence. If this negligence naturally, directly and materially contributed to the death of James Collins, the plaintiffs are entitled to recover, unless the deceased was guilty of negligence which contributed to the accident. * * *

"The deceased had a right to travel along Preble avenue—not on the railroad track. If at or near the point at which he was killed, he was passing along the street, and in the darkness of the night casually and unintentionally got on the railroad track because of the want of a fence, and at the same time exercising that reasonable care and prudence which a man of ordinary prudence and intelligence in the possession of his faculties (I mean sober, for it requires a sober man to exercise reasonable care and prudence as a general rule), and knowing the situation, as Collins did, would have exercised, and after finding himself on the track was unable to get off until struck by the train, he did all that the law required of him and was not guilty of negligence which would prevent a recovery."

Verdict for the plaintiffs for $3000, and a motion for a new trial having been refused, judgment was entered on the verdict. The defendant then took this writ, assigning for error, inter alia, the foregoing instruction of the court.

*Hampton & Dalzell*, for plaintiff in error.—Where a person places himself on the track of a railroad company, he can only recover for wanton injury: Railroad Co. v. Norton, 12 Harris 465. Except at crossings: Mulherrin v. D., L. & W. Railroad, 31 P. F. Smith 367. The ordinance requiring the railroad to fence was a part of a contract, and if violated the city of Allegheny had the right of action and not plaintiffs. The court had no power to declare a breach of this contract negligence *per se*: Drake v. Railroad, 1 P. F. Smith 240. Whether the neglect to fence was the proximate cause of the injury should have been submitted to the jury: Milwaukee, St. Paul Railway Co. v. Kellogg, 94 U. S. 469.

[Pittsburgh, &c., Railway Co. v. Collins.]

*A. M. Watson*, for defendants in error.—The erection of the fence was intended to avoid such accidents. It is to be proved that Collins exercised due care: Railroad *v.* Rowan, 16 P. F. Smith 393; Railroad *v.* Weber, 22 Id. 27; Weiss *v.* Railroad, 29 Id. 387. While persons on railroad tracks may be trespassers, regard must be had to the habits of the people living along the line of the road: Penna. Railroad *v.* Lewis, 29 P. F. Smith 33; Railroad Co. *v.* McElwee, 17 Id. 311; Penna. Railroad Co. *v.* James, 22 Pitts. L. J. 54.

Mr. Justice PAXSON delivered the opinion of the court, November 11th 1878.

On the evening of November 9th 1876, James Collins was found dead on the tracks of the Pittsburgh, Fort Wayne & Chicago Railway Company, in the city of Allegheny. An engine and two cars had just passed when he was found, and it seems clear from the evidence that one or both of the cars, and possibly the engine, had passed over him and inflicted injuries of which he died the same evening. This suit was brought in the court below by the widow and minor children of the deceased to recover damages for his death, upon the ground that it was occasioned by the negligence of the railway company.

We are saved the discussion of the question as to how far negligence on the part of the company or its employees was established by the fact that, conceding all that was claimed on behalf of the plaintiffs below in this respect, the deceased was clearly chargeable with contributory negligence. This will appear from a brief statement of the undisputed facts. He had lived for years in the immediate neighborhood of the spot where he was killed; was necessarily familiar with the track at that point, and must have known that it was a place of danger. There was no public crossing at or near the place where he was injured. The last time he was seen before the accident was about seven o'clock in the evening, passing along Wilkins street towards Preble avenue. The witness says he was under the influence of liquor. · He was probably on his way home. Preble avenue is forty feet in width, and runs parallel with and by the side of the track for a short distance. There was a sidewalk on the side of Preble avenue furthest from the track, along which he might have walked in safety to the point where he would naturally turn to go home. This was a switch connecting his employer's mill with the railroad, and which ran across Preble avenue. Instead of turning off at the switch and going towards home he appears to have crossed the switch and continued on along the avenue, or else upon the railroad track, in a direction contrary to his home, to the spot where he was killed. It was undisputed that from that point the locomotive could be seen for a considerable distance; that it was running at a moderate rate of

[Pittsburgh, &c., Railway Co. v. Collins.

speed, with a bright head-light. There were three tracks. The track next the avenue was unballasted, and between that and the next track were large piles of cinders. The deceased was found lying on the track next to the avenue, which was a side track. In the immediate vicinity were piles of cinders of considerable size. The night was unusually dark. Notwithstanding this he could hardly have crossed the switch without knowing it, and being thus warned that he was deviating from his course. If, however, he had passed the switch, and had inadvertently or by reason of the darkness stepped upon the track, the ties and rails and piles of cinders must have instantly warned him of his danger. It is thus the case of a man who without right, with a full knowledge of the location, voluntarily places himself upon a railroad track, at a place where there is no crossing, and which was a known point of danger. He was a mere trespasser, and the case comes directly within the ruling in The Railroad Co. v. Norton, 12 Harris 465, that "where a person places himself on the tracks of a railroad he can claim no damages, except for wanton injury, and not for injury sustained in the pursuit of the company's lawful business in the ordinary manner, even though the negligence. of the company's agents contributed to the result." In Mulherrin v. The Railroad Co., 31 P. F. Smith 367, it was said : " Except at crossings where the public have a right of way, a man who steps his foot upon a railroad track does so at his peril. The company has not only a right of way, but such right is exclusive at all times and for all purposes." It may be the deceased was so far under the influence of liquor as not to know precisely where he was going. But the plaintiffs in error are not responsible for that. They did not furnish the liquor. If, as was strongly contended at bar on behalf of the defendants in error, the deceased was not affected by liquor at all, there was still less excuse for his being on the track. It was negligence *per se* to go there, knowing as he did the locality and its danger.

Much as we deplore the loss which this unfortunate family have sustained, the law compels us to say that it is one for which the plaintiffs in error are not responsible. This renders it unnecessary to discuss any of the other points raised by this record.

　　　　　　　　　　　　　　　　　Judgment reversed.